*E-Filed: August 19, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CURTIS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-05167-HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

Jim Curtis and Maria Curtis sue Nationstar Mortgage, LLC, NDEx West, LLC, and U.S. Bank, N.A. as Trustee for Rali Series 2006-QO2 for violations of Cal. Civ. Code §§ 2923.6 and 2923.7, and related causes of action.  Defendants move to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 38.  Plaintiffs filed an opposition.  Dkt. No. 41.  All parties who have been served have expressly consented to having all matters proceed before a magistrate judge.  Based on the moving and responding papers, as well as the arguments presented at the hearing on July 14, 2015, the Court grants in part and denies in part the motion to dismiss.

**BACKGROUND**

In January 2005, Plaintiffs purchased real property located at 540 Walten Way, Windsor, California 95492, with a $1,750,000 loan.  RJN, Exh. A.[1]  The loan was originated by SCME

---

[1] Defendants' Request for Judicial Notice, Dkt. No. 39, is granted.  *See* Fed. R. Evid. 201.

Mortgage Bankers, Inc. ("SCME"). *Id*. The loan was secured by a Deed of Trust ("DOT"), which granted the designated beneficiary a first-priority lien on the property for repayment of the loan. *Id*. Under the DOT, SCME was lender, Mortgage Electronic Registration Systems, Inc. ("MERS") was nominee, and Stewart Title Co. was trustee. *Id*. The DOT was assigned to Nationstar, who remains the designated beneficiary. *Id*., Exh. B. NDEx West, LLC was later substituted as trustee. *Id.,* Exh. C; FAC ¶ 4.

In 2011, Plaintiffs sought a modification of the loan terms. FAC ¶ 14. Defendant reviewed Plaintiffs' modification application, and approved a temporary payment plan trial modification in December 2012. *Id*. ¶ 18. Plaintiffs rejected the temporary payment plan offer, arguing that the proposed payments were $321 per month too high. *Id*. ¶¶ 18-20. In April 2013, Defendants recorded a Notice of Default ("NOD"). RJN, Exh. C. Plaintiffs allege that they completed a second modification application in April 2014. FAC ¶ 25. In September 2014, Defendants recorded a Notice of Trustee's Sale ("NOTS"). *Id*., Exh. B.

Plaintiffs filed suit in the Sonoma County Superior Court against Nationstar Mortgage, LLC, NDEx West, LLC, and U.S. Bank, N.A. as Trustee for Rali Series 2006-QO2. Defendants removed. The first amended complaint ("FAC") (the operative complaint) alleges (1) intentional misrepresentation against Nationstar and U.S. Bank; (2) negligent misrepresentation against Nationstar and U.S. Bank; (3) promissory estoppel against Nationstar and U.S. Bank; (4) negligence against Nationstar and U.S. Bank; (5) violation of Cal. Civ. Code § 2923.6 against Nationstar, U.S. Bank, and NDEx; (6) violation of Cal. Civ. Code § 2923.7 against Nationstar, U.S. Bank, and NDEx; and (7) violation of Business & Professions Code § 17200 against Nationstar, U.S. Bank, and NDEx. Plaintiff filed a Notice of Errata, which adds two exhibits to the FAC. Dkt. No. 55.

Defendants now move to dismiss the FAC. The parties have stipulated to postpone the trustee's sale until this action is resolved. Dkt. Nos. 74, 75.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of

sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

### A. LACK OF STATUTORY PRIVATE RIGHT OF ACTION UNDER HAMP

Many of Plaintiffs' claims are based on the allegation that they are entitled to a loan modification, and the payment term of that loan modification cannot exceed 31% of their gross monthly income under the Home Affordable Modification Program ("HAMP").

However, there is no statutory private right of action for borrowers under HAMP. In the context of government contracts, such as HAMP, there is a presumption that any beneficiaries are only incidental beneficiaries. "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999). The vast majority of courts to consider whether borrowers are intended beneficiaries of HAMP have determined that they are not. *See Hoffman v. Bank of Am., N.A.*, No C10–2171 SI, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases). Indeed, "[a]s many courts have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries." *Id.* at *4.

### B. HOMEOWNERS' BILL OF RIGHTS CAUSES OF ACTION

#### 1. Cal. Civ. Code § 2923.6

The fifth cause of action alleges that Defendants violated Cal. Civ. Code § 2923.6. According to Plaintiff, "[i]n September 23, 2014 a Notice of Trustee's Sale was recorded despite

3

the fact that Plaintiffs were still in the [second] loan modification review process and had not received a determination of the outcome of that review. They were not denied, nor given a chance to appeal a denial, in the event their application was denied. Further, at the time Plaintiffs applied for a loan modification in 2014, they had experienced a material change in their income and notified Nationstar of this in the modification application and financial documents that were submitted to Nationstar. Additionally, Nationstar voluntarily accepted Plaintiffs' modification application and agreed to evaluate Plaintiffs for a loan modification." FAC ¶ 71.

Under Cal. Civ. Code § 2923.6(c), "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs: (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired; (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer." Under Cal. Civ. Code § 2923.6(d), "If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." If the servicer voluntarily undertakes to review a loan modification application, a borrower may avail him or herself of the protections afforded under Cal. Civ. Code § 2923.6. *See Vasquez v. Bank of Am., N.A.,* No. 13-CV-02902-JST, 2013 WL 6001924, at *9 (N.D. Cal. Nov. 12, 2013).

Defendants argue that they met their obligation under Cal. Civ. Code § 2923.6 by considering Plaintiffs' first application and offering Plaintiffs a foreclosure alternative through the trial period plan. Compl., Exh. A. According to Defendants, because Plaintiffs declined to accept the offer in December 2012, Defendants were permitted to record a NOTS under § 2923.6(c)(2). This argument misconstrues Plaintiffs' allegations. Plaintiffs' allegations do not focus on the first application. Rather, Plaintiffs allege that they experienced a material change in their income, that Nationstar voluntarily accepted their second loan application, and that Nationstar engaged them in

4

the loan modification process. According to Plaintiffs, this allows them to avail themselves of the protections afforded under Cal. Civ. Code § 2923.6. Defendants' motion to dismiss the fifth cause of action is denied.

### 2. Cal. Civ. Code § 2923.7

In their sixth cause of action, Plaintiffs allege that Defendants failed to provide a single point of contact during review of the second loan modification application. FAC ¶ 75. Plaintiffs allege:

> [they] worked with at least twenty different individuals purporting to be Plaintiffs' single points of contacts. These individuals included but were not limited to Joy Collins, Shay Collins, Douglas Hall, Ashley Hanley, Qeyana Hersey, Bryce Hickman, Shayna Hines, Bill Kutley, Lori Ledford, April Manzanedo, Kiana Oatman, and Gerri Waters. Plaintiffs do not have records of the other individuals that [they] w[ere] in contact with at this time, but believe[] they can be produced through discovery. Plaintiff[s] allege[] that during this time, the above agents, representatives and employees of Defendants did not know the status of Plaintiffs' loan modification as they were often times unable to answer Plaintiffs' questions and provided them with conflicting information.

*Id.* ¶ 29.

Under § 2923.7(a), effective January 1, 2013, "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." The single point of contact may be either "an individual or team of personnel." Cal Civ. Code § 2923.7(e); *see also Garcia v. PNC Mortg.*, No. C 14-3543 PJH, 2015 WL 534395, at *1 (N.D. Cal. Feb. 9, 2015). "The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current." Cal. Civ. Code § 2923.7(c).

First, Defendants point to Exhibit A to the Notice of Errata to the FAC, which states, "your Assigned Foreclosure Prevent Specialist is Joy Collins." Defendants argue that the court should disregard any inconsistent pleadings in the FAC. This argument is not convincing. Even if Nationstar formally appointed a single point of contact, it is possible that due to a mix-up, there were still multiple individuals handling the loan modification review. Plaintiffs have alleged that over twenty individuals handled the loan modification review, and these allegations will be taken

5

as true at this stage of the proceedings.

Second, Defendants argue that although Plaintiffs allege that they worked with at least twenty different individuals, Defendants are allowed to designate a team of personnel as the single point of contact.  However, Plaintiffs allege that the representatives they worked with "did not know the status of Plaintiffs' loan modification as they were often times unable to answer Plaintiffs' questions and provided them with conflicting information."  FAC ¶ 29.  This allegation does not support the theory that the individuals were part of a team of personnel, and Plaintiffs' allegations will be taken as true at this stage of the proceedings.

Third, Defendants argue that Plaintiffs cannot plead any damage resulting from the alleged violation of § 2923.7, and the cause of action must therefore be dismissed.  To state a claim for violation of § 2923.7, Plaintiffs must allege that they were damaged as a result of the failure to provide a single point of contact.  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013).  According to Defendants, Plaintiffs cannot show that they were damaged by any failure to provide a single point of contact during their second modification attempt because they received the benefit of the modification schedule provided by the Homeowner Bill of Rights ("HBR")—an offer of a loan modification.  *See* Cal. Civ. Code § 2923.6.  However, Plaintiffs were offered a loan modification based on their *first* loan modification application, not their *second* loan modification application.  Plaintiffs have not received the benefit of the modification schedule provided in the HBR based on the second loan medication application, which is the application at issue here.

Fourth, Defendants argue that Plaintiffs fail to allege a material violation of the HBR.  Relief is available under the HBR only for "material violations."  Cal. Civ. Code § 2924.12.  Defendants argue that to allege a material violation, Plaintiffs must allege which of the specifically-enumerated responsibilities the twenty individuals failed to meet when corresponding with Plaintiffs regarding their second loan modification application.  Under Cal. Civ. Code § 2923.7(b)(3), the single point of contact is responsible for "[h]aving access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative," among other things.  Here, Plaintiffs have alleged that the twenty individuals were unable to inform Plaintiffs of the status of their loan modification.

FAC ¶ 29. Thus, Plaintiffs have alleged a material violation.

Accordingly, Defendants' motion to dismiss the sixth cause of action is denied.

### C.   MISREPRESENTATION AND PROMISSORY ESTOPPEL CLAIMS

#### 1.   Promise or Representation

Plaintiffs' first, second, and third causes of action are for intentional misrepresentation, negligent misrepresentation, and promissory estoppel, respectively. Tortious fraud or deceit occurs when a party "willfully deceives another with intent to induce him to alter his position to his injury or risk." Cal. Civ. Code § 1709. Negligent misrepresentation may occur if a party to a contract makes a "positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true." Cal. Civ. Code § 1572(2). Negligent misrepresentation may also occur outside of a contractual setting if a person asserts, as a fact, that which is not true, having no reasonable ground for believing it to be true, intending that the plaintiff rely upon the assertion. Cal. Civ. Code §§ 1709, 1710.

First, Defendants argue that Plaintiffs do not plead a false representation. The misrepresentation and promise alleged is that Plaintiffs' first loan modification application would be evaluated according to HAMP guidelines and that Plaintiffs would be granted a HAMP modification that was 31% of their income. FAC ¶¶ 43, 51. The trial period plan letter mailed to Plaintiffs show that they were evaluated, and approved, for a loan modification under the HAMP program. Notice of Errata to FAC, Exh. A. However, Plaintiffs also allege that the offered modification exceeded 31% of their income. FAC ¶ 18. Taking this allegation as true, Plaintiffs have alleged a misrepresentation and promise.

Second, Defendants argue that the first and second causes of action fail for lack of specificity. Each element of a claim for misrepresentation must be pled with heightened specificity. Fed. R. Civ. P. 9(b); *Moncada v. W. Coast Quartz Corp.*, 221 Cal. App. 4th 768, 776 (2013). Further specification is required when pleading against a corporate defendant. *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 434 (2010) ("In a fraud claim against a corporation, a plaintiff must allege the names of the persons who made the misrepresentations, their authority to speak for the corporation, to whom they spoke, what they said or write, and when it was said or written.").

7

As to the first cause of action, Plaintiffs allege that unknown agents of Nationstar made the representations over a 24-month time period.  FAC ¶ 43. Plaintiffs have failed to allege with specificity the name of the individuals and when the misrepresentations were made.  As to the second cause of action, Plaintiffs fail to plead who is responsible for the misrepresentation and when or how it was made.  *Id*. ¶¶ 50-56.

Accordingly, Defendants' motion to dismiss the first and second causes of action is granted with leave to amend.

### 2. Estoppel

To establish a claim for promissory estoppel, a plaintiff must show that (1) a promise was made to him; (2) that he reasonably relied on the promise; (3) the promisor could foresee his reliance; and (4) resulting injury.  *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011). To state the reliance necessary to support a claim for promissory estoppel, a party must plead a substantial change in position.  *Youngman v. Nevada Irr. Dist.*, 70 Cal. 2d 240, 249 (1969). Regarding alleged promises of loan modification, substantial reliance requires Plaintiffs to plead actions such as conversion of a bankruptcy filing or obtaining a bridge loan.  *See Aceves*, 192 Cal. App. 4th at 226; *see also Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1040-41 (2010).

Here, the affirmative acts Plaintiffs allege that they undertook in reliance on the promise were that they "continu[ed] to apply for loan modifications instead of seeking other alternatives." FAC ¶ 62.  Plaintiffs allege hypothetical actions they could have undertaken, but they do not plead that they took any other affirmative actions in reliance on the alleged promise.  *Id*.  Accordingly, Defendants' motion to dismiss Plaintiffs' third cause of action is granted with leave to amend.

### D. NEGLIGENCE CLAIM

In the fourth cause of action for negligence, Plaintiffs allege that "Nationstar failed to act reasonably by losing and misplacing Plaintiffs' loan modification application and submitted documents throughout the entire process Plaintiffs applied for a loan modification.  Nationstar committed further negligence when it failed to grant Plaintiffs a HAMP trial plan that was 31% of their gross monthly income in accordance with HAMP guidelines.  Nationstar and NDEx breached their duty by recording a Notice of Default and Notices of Trustee's Sales in violation of Cal. Civ. Code §2923.6 and by failing to provide Plaintiffs with a single point of contact pursuant to Cal.

Civ. Code §2923.7." FAC ¶¶ 67.

"To state a cause of action for negligence, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 62 (2013).

The parties disagree as to whether Defendants owed Plaintiffs a duty of care. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958). "[T]he question of whether a lender owes such a duty requires the balancing of the *Biakanja* factors." *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 945 (2014) (internal quotation marks omitted).

In the loan modification context, the majority of federal and state courts in California have found that servicers do not owe a duty of care to borrowers to "offer, consider, or approve" a loan modification. *Lueras*, 221 Cal. App. 4th at 64; *see, e.g.*, *Kennedy v. Bank of Am., N.A.*, No. 12-CV-952 YGR, 2012 WL 1458196, at *7 (N.D. Cal. Apr. 26, 2012) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. Generally, lenders have no fiduciary relationship with their borrowers, and pursue their own interests in approving loan transactions. They owe no duty of care to borrowers in the approval process." (internal quotation marks and citations omitted)); *Marks v. Ocwen Loan Servicing*, No. C 07-2133SI, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract."). Plaintiffs have

not shown that Defendants owed a duty of care here.  Accordingly, Defendants' motion to dismiss the fourth cause of action is granted without leave to amend.

### E.  UNFAIR COMPETITION CLAIM

The seventh cause of action alleges violation of Cal. Bus. & Prof. Code § 17200 (the "Unfair Competition Law" or "UCL").  The UCL prohibits any "unfair competition," defined as "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Each prong of the UCL is a separate and distinct theory of liability."  *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).  First, "[b]y proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted). Second, "unfair" conduct must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003) (internal quotation marks omitted). Third, "a fraudulent business practice is one that is likely to deceive members of the public."  *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2009). A UCL claim must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which he bases the claim. *See Gaitan v. Mortg. Elec. Registration Sys.*, No. EDCV 09-1009, 2009 WL 3244729, at *11 (C.D. Cal. Oct. 5, 2009).

Here, as discussed above, Plaintiffs state a claim for violation of Cal. Civ. Code §§ 2923.6 and 2923.7.  These form the predicate acts upon which Plaintiffs may base their UCL claim under the "unfair" and "unlawful" prongs.

Defendants argue that Plaintiffs cannot demonstrate standing to recover damages under the UCL.  To establish standing, Plaintiffs "must make a twofold showing: [they] must demonstrate injury in fact and a loss of money or property caused by unfair competition." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 925 (C.D. Cal. 2012).  However, Plaintiffs have alleged that they suffered monetary loss as a result of the fees and penalties that were assessed to their loan balance as a result of the alleged unfair and unlawful business practices.

Accordingly, Defendants' motion to dismiss the seventh cause of action is denied.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is denied as to the fifth, sixth, and seventh causes of action. Defendants' motion to dismiss the first, second, and third causes of action is granted with leave to amend. Defendant's motion to dismiss the fourth cause of action is granted without leave to amend. Plaintiffs may file a second amended complaint within 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: August 19, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge