E-Filed 8/5/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CURTIS, et al.,<br><br>  Plaintiffs,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>  Defendants. | Case No. 14-cv-05167-HRL<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 122 |

Plaintiffs move the court for leave to file a motion for reconsideration of the order which dismissed their negligence claim. Defendants oppose.

**Discussion**

Under Civil Local Rule 7-9(b) a party "must" move diligently for leave to file a motion for reconsideration and must also establish: (1) a "material difference in fact or law . . . from that which was presented to the Court"; (2) the "emergence of new material facts or a change of law"; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court[.]"

Plaintiffs argue leave should be granted both because the operative California law was materially "clarified" by the issuance of *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150 (2016), and because this court manifestly failed to consider whether a duty of care is created "once the loan servicer agrees to review the borrower for a loan modification." Dkt. No. 122 at 4 (italicization omitted). Defendants argue: (1) *Daniels* is merely one more case in a pre-existing split between California's courts of appeal, rather than a change in the law; and (2) the court's prior order considered each pertinent argument Plaintiffs had raised. Dkt. No. 125 at 4-8.

The undersigned agrees with Defendants. The court's prior order recognized that "the majority" of federal and state courts in California to consider the issue have concluded lenders "do

not owe a duty of care to borrowers" with respect to offering, considering, or approving a loan modification, Dkt. No. 76 at 9 (citing *Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 64 (2013)), and the court's prior order dismissed Plaintiffs' negligence claim based on that rule, *see id.* The court's prior order therefore considered and rejected the argument that Defendants had a duty to take reasonable care during the process of deciding whether to ultimately grant Plaintiffs a loan modification. *Id.* And although *Daniels* is inconsistent with this court's prior order, Defendants are correct that *Daniels* is merely one additional case in a pre-existing split between California's courts of appeal; the Ninth Circuit recognized in 2013 that California's courts of appeal disagree on whether a duty of care exists in the context of "offers of loan modifications handled negligently." *Yau v. Deutsche Bank Nat'l Trust Co. Am.*, 525 Fed. Appx. 606, 609.

Plaintiffs have therefore failed to provide sufficient support for their motion for leave to move for reconsideration, and the court need not decide whether Plaintiffs filed the motion with sufficient diligence.

## Conclusion

The operative law has not changed, and the court's prior order already considered and rejected the argument that Defendants had a duty to take reasonable care during the process of deciding whether to grant Plaintiffs a loan modification. The motion for leave to file a motion for reconsideration is therefore denied.

**IT IS SO ORDERED.**

Dated: 8/5/16

HOWARD R. LLOYD
United States Magistrate Judge